# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
April 2, 2021

Lyle W. Cayce
Clerk

No. 20-50870
CONSOLIDATED WITH
No. 20-50881
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

PABLO CALVILLO-PALACIOS,

*Defendant—Appellant*.

Appeals from the United States District Court
for the Western District of Texas
USDC No. 4:20-CR-62-1
USDC No. 4:19-CR-845-1

Before HAYNES, WILLETT, and HO, *Circuit Judges*.

PER CURIAM:*

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-50870
c/w No. 20-50881

Pablo Calvillo-Palacios appeals his within-guidelines sentence of 96 months and three years of supervised release, imposed following his guilty plea for illegal reentry after removal from the United States in violation of 8 U.S.C. § 1326.  He also appeals the revocation of his supervised release related to his 2015 illegal reentry conviction and his consecutive 24-month revocation sentence.

Raising one issue on appeal, Calvillo-Palacios argues that his illegal reentry sentence, imposed under § 1326(b)(2), violates his due process rights by exceeding the two-year statutory maximum set forth in § 1326(a) because the indictment did not allege a prior conviction necessary for the § 1326(b)(2) enhancement.  He concedes that this argument is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224, 226-27 (1998), but seeks to preserve the issue for further review.  Agreeing that the issue is foreclosed, the Government has moved for summary affirmance and, in the alternative, a motion for an extension of time to file a brief.

Although the appeals of Calvillo-Palacios's illegal reentry conviction and supervised release revocation were consolidated, he does not address the revocation in his appellate brief.  Consequently, he has abandoned any challenge to the revocation or revocation sentence.  *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

The parties are correct that Calvillo-Palacios's argument is foreclosed by *Almendarez-Torres*.  *See United States v. Wallace*, 759 F.3d 486, 497 (5th Cir. 2014); *United States v. Pineda-Arrellano*, 492 F.3d 624, 625-26 (5th Cir. 2007).  Accordingly, the Government's motion for summary affirmance is GRANTED, *see Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969), the Government's alternative motion for an extension of time to file a brief is DENIED as moot, and the judgment and revocation order are AFFIRMED.